Sullivan, J.
Poole brought an action of debt against Gordon and another on a bond with a condition annexed, that if Gordon should prosecute with effect an appeal from the judgment of a justice of the peace in favour of Book against Gordon, the bond should be void. The breaches were assigned in the declaration as follows, viz.: 1, That Gordon wholly failed, refused, and neglected to prosecute said appeal at the said term when, &e., or at any other time. 2, That he failed and neglected to cause a transcript of the judgment in said condition mentioned, to be filed in the cleric’s office of the county within twenty days after taking said appeal. 3, That he did not prosecute said appeal with effect, but, on the contrary, said appeal was dismissed by the Circuit Court, because the transcript of the judgment so appealed was not filed in the clerk's office within twenty days, *&c. General demurrer and joinder, on which the Court gave judgment for the defendants.
In an action on a bond with a condition, it is the plaintiff’s privilege to assign as many breaches as he may think proper The breaches so assigned are in the nature of so many counts, and if either of them be good, a general demurrer to the declaration should be overruled.
■ "We think the first breach is well assigned. We understand the averment to be, that Gordon having prayed an appeal and entered into bond, wholly neglected to take further steps in prosecuting it to effect. This is sufficient. Dias v. Freeman, 5 T. R., 195.
The third breach is also well assigned. It can not be distinguished in principle from the case of Wood v. Thomas, May term, 1841, where it was held that a bond with a condition to *205 prosecute an appeal with effect, was broken by an irregularity which caused the appeal to be dismissed.
J. Pitcher, for the plaintiff.
The second breach is not well assigned. The transcript referred to may not have been filed within the twenty days prescribed by the statute, and no advantage taken of the omission. For aught that appears in that breach, the cause may have been tried, and the appeal prosecuted to a successful termination.
As the first and third breaches are sufficient, the demurrer should have been overruled.
Per Curiam.—The judgment is reversed with costs. Cause . emanded, &c.